IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD FELIX BIAUCE, JR. | : | CIVIL ACTION |
| v. | | |
| JACKIE JONES | : | NO. 08-4841 |

FILED

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM AND ORDER

Plaintiff, Donald Felix Biauce, Jr., has brought this civil rights claim under 42 U.S.C. § 1983, and the Court has previously entered certain procedural orders. First, the Court granted Plaintiff's first Motion to Amend the Complaint. (Docs. 7, 9). However, rather than filing an actual "Amended Complaint," Plaintiff submitted what appeared to be additions and corrections to his original Complaint in two documents entitled "Motion to Amend with Exhibits." (Doc. 10, 12). Those documents did not include any factual allegations or any specific claims for relief, as they only provided specific additions and corrections to the original Complaint. As a result, this Court denied those "Motions" as moot and ordered Plaintiff to file an amended Complaint. (Doc. 16). Once again, Plaintiff has filed another "Motion to Amend," which contains a document with more additions and corrections. (Doc. 18).

Because of the confusing nature of these various documents and because the Complaint has not yet been served on the Defendant, the Court will allow Plaintiff one last opportunity to file an amended Complaint. This Amended Complaint must include the factual allegations comprising the basis of Plaintiff's claims against the Defendant as well as Plaintiff's request for relief. Thus, the Court hereby DENIES as moot Plaintiff's second Motion to Amend (Doc. 18)

and ORDERS Plaintiff to file, within 30 days, a document entitled "Amended Complaint," which must consist of Plaintiff's complete Complaint, incorporating all revisions. As required by Fed. R. Civ. P. 8, Plaintiff's Amended Complaint shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff may, but need not, attach exhibits and affidavits to the Amended Complaint.

Furthermore, Plaintiff previously requested that this Court order the U.S. Marshal to serve the Defendant (Doc. 24), but this Court denied that motion (Doc. 26). However, once Plaintiff has filed his Amended Complaint, this Court will reconsider Plaintiff's request for service by the U.S. Marshal.

Plaintiff's Motion for Reconsideration for Appointment of Counsel (Doc. No. 8) is also hereby DENIED. As noted in prior orders, Plaintiff had previously filed another civil rights Complaint in which he was successful in a jury trial, collecting a substantial amount of damages. In prior filings, the Plaintiff indicated that he had dissipated the amount he had received and was now without funds to retain counsel. Given the limited resources which the Court has available in the nature of competent attorneys willing to handle these cases on a pro bono basis, and considering the principles in Tabron v. Grace, 6 F.3d 147 (3d. Cir. 1993), the Court will decline to appoint counsel for Plaintiff at this time.

Plaintiff has the experience to complete the pleadings and initiate discovery representing himself pro se. There is a substantial backlog of other prisoner civil rights cases requesting services of appointed counsel, which has caused a delay in the handling of these cases in this

Court. Therefore, under the principles of <u>Tabron v. Grace</u>, the Court may exercise its discretion in giving priority to other prisoners. Plaintiff is not entitled to such priority because he previously received a substantial damage award which he chose to give away. Under these circumstances, the Court will decline to appoint counsel for Plaintiff at this time but will reconsider the issue if Plaintiff makes a request after serving the Defendant and starting discovery.

It is further ORDERED:

1) Plaintiff's Motion for Emergency Hearing (Doc. No. 19) and Motion for Transfer (Doc. No. 20) are DENIED.

2) Plaintiff's Petition to Proceed in Forma Pauperis (Doc. No. 23) is DENIED without prejudice to Plaintiff filing his prisoner account statement. If Plaintiff files the required statement, this Court may reconsider a Motion to Proceed in Forma Pauperis.

BY THE COURT:

Date: 7/22/09

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-4841 Biauce v. Jones\Biauce v. Jones - Order motions.wpd

cc: Biauce (mail)